**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| FIRSTMERIT BANK, N.A., successor in interest to the Federal Deposit Insurance Corporation as Receiver for Midwest Bank and Trust Company as successor by merger to Midwest Bank of McHenry County, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No.  1:14-cv-01272 |
| v. | ) ) | Judge James F. Holderman |
| FIRST AMERICAN BANK, as successor trustee to FirstMerit Bank, N.A., successor trustee to Midwest Bank and Trust Company, successor trustee to Midwest Trust Services, Inc. under the provisions to a Trust Agreement dated August 18, 1999 and known as Trust Number 99-1-7555; JASPER LAGAMBINA, JANET LAGAMBINA a/k/a JANET A. TREZEK, and CHRISTINE M. LAGAMBINA, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

On February 20, 2014, Plaintiff FirstMerit Bank N.A. ("FirstMerit") filed its six count

"Complaint for Foreclosure of Mortgages and for Other Relief" (Dkt. No. 1, "Compl.") against

Defendants First American Bank ("First American"), Jasper Lagambina ("Jasper"), Janet

Lagambina ("Janet"), and Christine Lagambina. FirstMerit brings claims for breach of a

promissory note (Counts I and II), foreclosure of mortgages (Counts III and V), and for turnover

of rents (Counts IV and VI). Pending before the court is FirstMerit's motion for summary

judgment on Counts I, II, III, and V. (Dkt. No. 22.) For the reasons explained below, FirstMerit's

motion for summary judgment is granted.

On December 7, 2014, Midwest Bank and Trust Company ("Midwest") made a loan (the "Loan") to Jasper, Janet, and Midwest Bank and Trust Company, Trustee of Midwest Bank and Trust Company, as Successor Trustee to Midwest Trust Services, Inc. Trust Number 99-1-7555 ("Midwest Trust Services") (collectively, the "Borrowers") to finance real estate located at 1455-65 Main Lane, Elgin, Illinois 60123 (the "Elgin Property"). (Dkt. No. 24 ("Pl.'s SMF") ¶ 8.) In connection with the Loan, the Borrowers executed and delivered to Midwest a Promissory Note (the "Note") in the original principal amount of $365,500.00. (*Id.* at ¶ 9.) The Loan is further evidenced by a Business Loan Agreement, dated December 7, 2004, which Jasper and Janet executed and delivered to Midwest. (*Id.* at ¶ 12.) Under both the Note and the Business Loan Agreement, an "Event of Default" occurs if, among other things, "Borrower fails to make any payment when due under this Note." (*Id.* at ¶¶ 11, 14.)

The Loan is secured by two properties: the Elgin Property and 1824 Windward Lane, Hanover Park, Illinois 60133 (the "Hanover Park Property," in conjunction with the Elgin Property, the "Properties"). (*Id.* at ¶¶ 15, 19.) The Loan is further secured by an Assignment of Rent agreements relating to each of the Properties, as well as a Collateral Assignment of Beneficial Interest executed by Jasper. (*Id.* at ¶¶ 16, 18, 21.) The Loan documents provide FirstMerit the right to recover attorneys' fees, costs, and expenses incurred in enforcing the Borrower's obligations. (*Id.* at ¶¶ 37, 38.)

On May 14, 2010, the Federal Deposit Insurance Corporation ("FDIC") was named Receiver for Midwest. (*Id.* at ¶ 25.) On that same day, the FDIC agreed to sell, transfer, convey, and deliver all rights, title, and interest in the Loan documents to FirstMerit. (*Id.* at ¶ 26.) Accordingly, FirstMerit is the current owner and holder of the Loan documents. (*Id.* at ¶ 27.)

On October 15, 2011, Jasper and FirstMerit Bank, N.A., not individually, but solely as successor trustee to Midwest Trust Services ("FirstMerit as Trustee"), executed a Forbearance Agreement and delivered it FirstMerit. (*Id*. at ¶ 23.) The Forbearance Agreement extended the maturity date of the Note until October 15, 2012. (*Id*.) Jasper and Janet failed to pay the indebtedness due under the Note before October 15, 2012. (*Id*. at ¶ 27.) In a letter dated August 22, 2013, FirstMerit notified Jasper and FirstMerit as Trustee[1] that they had committed an Event of Default and demanded that they satisfy their obligations before September 3, 2013. (*Id*. at ¶ 30.) In a letter dated January 2, 2014, FirstMerit notified Janet in writing that she had committed an Event of Default and demanded that she satisfy her obligations before January 15, 2014. (*Id*. at ¶ 31.) The Borrowers failed to cure the default. (*Id.* at ¶ 35.)

On February 20, 2014, FirstMerit filed its Complaint. On June 16, 2014, the court granted FirstMerit's motion to appoint a receiver for the Properties. On May 28, 2014, FirstMerit moved for summary judgment on Counts I, II, III, and V. Defendants Jasper, Janet, and Christine ("Defendants") oppose FirstMerit's motion for summary judgment and the motion his fully briefed.[2]

---

[1] On January 10, 2014, First American succeeded FirstMerit as successor trustee to Midwest Bank and Trust Company, successor trustee to Midwest Trust Services, Inc. under the provisions to a Trust Agreement dated August 18, 1999 and known as Trust Number 99-1-7555. (*Id.* at ¶ 32.) Accordingly, FirstMerit has named First American as a defendant in this action.

[2] First American executed a Waiver of Service of Summons on March 11, 2014, (Dkt. No. 7.), but failed to answer, plead, or otherwise defend the allegations of FirstMerit's Complaint before its time to do so expired on May 6, 2014.

<u>LEGAL STANDARD</u>

A grant of summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "There is no genuine issue of material fact when no reasonable jury could find in favor of the nonmoving party." *Brewer v. Bd. of Trs. of the Univ. of Ill.*, 479 F.3d 908, 915 (7th Cir. 2007). When ruling on a motion for summary judgment, the court must consider the facts before it in the light most favorable to the nonmoving party, drawing all reasonable inferences in the nonmoving party's favor. *McCann v. Iroquois Mem'l Hosp.*, 622 F.3d 745, 752 (7th Cir. 2010). The court does not make credibility determinations or weigh conflicting evidence. *McCann v. Iroquois Mem'l Hosp.*, 622 F.3d 745, 752 (7th Cir. 2010).

<u>DISCUSSION</u>

FirstMerit argues that it is entitled to summary judgment on its claims for breach of the Note against First American and Jasper (Count I) and against Janet (Count II). "A prima facie case for liability on a promissory note requires that the plaintiff prove that the note was executed and unsatisfied." *Fifi Hotel Co. v. Davfra Corp.*, No. 92 C 2778, 1994 WL 649978 * 6 (N.D.Ill. Nov.16, 1994). Once the plaintiff establishes a prima facie case, the burden shifts to the defendant to defeat the showing of liability. *See FDIC v. Meyer*, 781 F.2d 1260, 1267 (7th Cir. 1986). Here, it is undisputed that the Defendants executed the Note and have since defaulted on the Note. (*See* Dkt. No. 32 (Def.'s Resp. Pl.'s SMF ¶¶ 9, 28-29.)

Defendants do not dispute the facts establishing their liability on the Note and they have not asserted any affirmative defenses. Defendants only argue that a genuine dispute of material fact exists regarding the amount owed on the Note. Parties agree that the principal sum owed is

$226, 217.58, but they are in dispute over the outstanding amount of interest due. FirstMerit

argues that $15, 636.96 in interest had accrued as of March 28, 2014. (Pl.'s SMF ¶ 35.)

Defendants contend that only $9, 519.73 in interest had accrued as of March 28, 2014. (Dkt. No.

31 ("Def.'s Resp.") at 3.) This factual dispute as to the amount of damages does not preclude

summary judgment with respect to Defendants' liability. *See, e.g., PNC Bank, National*

*Association v. Janiga*, No. 12-CV-9383, 2014 WL 1758459 (N.D.Ill. May 1, 2014) (granting a

Judgment of Foreclosure despite the existence of a genuine issue of material fact as to the

amount of damages).

 With respect to Counts III and V, FirstMerit seeks to foreclose on the mortgages on the

Elgin and Hanover Park properties, which secure the Note. The Illinois Mortgage Foreclosure

Law sets forth the requirements of a mortgage foreclosure complaint. 735 ILCS 5/15, *et seq*.

FirstMerit correctly attached a copy of the mortgages and the Note to its complaint.

(*see* Compl. Ex. 1, 3, 6.) It is undisputed that FirstMerit is the legal holder of the Loan

documents and that Defendants have defaulted on the Note. (Def.'s Resp. Pl.'s SMF ¶¶ 27-29.)

Defendants do not challenge the sufficiency of FirstMerit's factual allegations and they have

raised no affirmative defenses. Accordingly, FirstMerit is entitled to foreclose on the mortgages

on Elgin and the Hanover Park properties the pursuant to the Illinois Mortgage Foreclosure Law.

<u>CONCLUSION</u>

 For the reasons stated in this opinion, FirstMerit's motion for summary judgment on

Counts I, II, III and V [22] is granted with respect to liability. The court has not considered the

amount of damages at this time. On March 17, 2015, in open court, the court ordered FirstMerit

to submit a full accounting of the amounts due—including the total amount owed on the Note,

attorneys' fees, expenses and costs—and a proposed judgments of foreclosure no later than

March 31, 2015. If Defendants dispute the damages or the proposed judgments of foreclosure, they must submit their reply no later than April 14, 2015. This case is set for a status hearing on April 21, 2015 at 9:00 a.m. Parties are encouraged to continue settlement discussions.

ENTER:

JAMES F. HOLDERMAN
District Judge, United States District Court

Date: March 31, 2015